UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,   Case No. 14-cr-109 (PAM/LIB)

          Plaintiff,

v.   **MEMORANDUM AND ORDER**

Jeffrey Jerome Hoff,

          Defendant.
_____

This matter is before the Court on Defendant Jeffrey Jerome Hoff's pro se Motion to Vacate under 28 U.S.C. § 2255. For the following reasons, the Motion is denied.

Hoff is currently serving a 12-month sentence for violating the terms of his supervised release. He filed this § 2255 Motion, and subsequent amendment to that Motion, contending that his underlying conviction for being a felon in possession of a firearm is invalid. Hoff claims that at least one of his state felony convictions was expunged and further, that his civil rights were completely restored, making him eligible to possess a firearm. He argues that as a result, he did not possess the requisite mens rea for the crime of conviction.

The Government filed an opposition to Hoff's Motion, pointing out that Hoff presents no evidence regarding his allegedly expunged conviction. In response, Hoff filed a "Motion to Stay Proceedings." (Docket No. 98.) Hoff asks the Court for "investigative services" to investigate his claim regarding his expunged conviction. The Court has no such "investigative services," and in any case, Hoff could have attempted to secure the alleged letter he received allowing him to possess firearms in the three months since he

filed his § 2255 Motion. It is his burden to prove his claims, and the Court will not delay the entry of judgment on the Motion to allow Hoff to search for the alleged letter that he claims restored his civil rights.

Under Minnesota law, the discharge of a conviction operates to restore civil rights to the convicted individual "the same as if such conviction had not taken place." Minn. Stat. § 609.165, subd. 1. But if the individual was convicted of certain violent crimes, such as burglary, the discharge does not restore the individual's right to possess firearms. Id. subd. 1a. Such individual may petition a court to restore his ability to possess firearms, but he must receive a court order granting him that relief before he is allowed to possess firearms. Id. subd. 1d.

Hoff claims that he received a letter in 2008 from the Department of Corrections restoring his civil rights. (Docket No. 90 at 4.) Thus, he argues that his plea to being a felon in possession of a firearm is invalid, because he was not in fact a felon at the time of his plea. He does not specify which of his several underlying burglary convictions were allegedly expunged in 2008. Nor does he claim that he petitioned a court to restore his ability to possess firearms, or that he received a court order allowing him to possess firearms. Instead, he contends that his prior convictions were not crimes of violence under Minnesota law, so that a court order was unnecessary. And he claims that a new United States Supreme Court decision requires the Government to prove that he knew that he was a felon, something the Government could not do because he was not in fact a felon. See Rehaif v. United States, 139 S. Ct. 2191 (2019).

Hoff's testimony during the plea colloquy disproves his contention that Rehaif gives him any relief. The Government asked Hoff whether, before he committed the 2013 burglary that led to his federal indictment, he was "in fact, a convicted felon?" Hoff responded, "Yes." (Tr. (Docket No. 29) at 11-12.) Moreover, Hoff testified that he had been convicted of multiple felonies set out in the plea agreement, and that all of the felonies were punishable by more than a year in jail. (Id. at 12.) The Rehaif decision requires only that the Government prove that Hoff knew that he had been convicted of crimes punishable by imprisonment for more than a year. See 139 S. Ct at 2195 (requiring proof that a defendant know that he meets "each of the statutory elements that criminalize otherwise innocent conduct") (quotation omitted). The plea hearing transcript establishes that Hoff had the knowledge that Rehaif requires.

Moreover, Hoff's contention that the Department of Corrections sent him a letter restoring his civil rights is not credible. The Department of Corrections cannot restore a felon's civil rights under Minnesota law. Rather, a court order is required to restore those rights. See Minn. Stat. § 609.165, subd. 1a (discussing the "order of discharge"). And Hoff's argument that he did not require a court order to allow him to possess firearms after the alleged restoration of his rights is likewise incredible. Minnesota law provides that burglary in the first or second degree is a "crime of violence" for purposes of the restoration-of-rights statute. Id. § 624.712, subd 5. A review of Hoff's criminal history shows that he has been convicted of no fewer than five first- or second-degree burglaries (PSR ¶¶ 35-46). Thus, there can be no question that Hoff was required to petition a court to restore his ability to possess firearms, and the Court presumes that Hoff would remember

having done so. His bare-bones allegations regarding a letter from the Department of Corrections simply cannot suffice to establish his claims.

Finally, the Court declines to issue a Certificate of Appealability on Hoff's claims. A defendant who seeks review of an order denying a motion under 28 U.S.C. § 2255 must obtain such a certificate, which will not be granted unless he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B), (c)(2); accord, e.g., Williams v. United States, 452 F.3d 1009, 1014 (8th Cir. 2006). He must show the issues are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Hoff does not meet this exacting standard.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Vacate and Amended Motion (Docket Nos. 90, 96) are **DENIED**; and

2. Defendant's Motion to Stay Proceedings (Docket No. 98) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: October 9, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge

4